**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PIERRE WALLER,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Civil Action No. 26-4671 (SDW) (JSA)<br><br>**WHEREAS OPINION & ORDER**<br><br>September 16, 2026 |

**WIGENTON, District Judge.**

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Pierre Waller's filing of a Complaint, (D.E. 7),[1] and an application to proceed *in forma pauperis*, (D.E. 1-2 ("IFP application")), and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil procedure ("Rule") 8(a); and

**WHEREAS** Plaintiff indicates he seeks review of the Commissioner of Social Security Administration's ("the Commissioner") decision concerning a supplemental security income claim. (D.E. 7 at 3.) Plaintiff does not provide details or attach the Commissioner's decision. Attached to Plaintiff's Complaint, however, is a citizen's report filed by Plaintiff with the Township of Union Police. (D.E. 7 at 11–12.) In the citizen's report, Plaintiff stated he gave his social security disability check to his uncle, and how after a series of transfers, the check was

[1] Plaintiff initially filed a Complaint on April 28, 2026. (D.E. 1.) This Court gave Plaintiff until May 22, 2026 to re-file his complaint "[g]iven the difficulty in making out what the nature of Plaintiff's suit" was. (D.E. 5.)

cashed by Plaintiff's cousin's neighbor. (D.E. 7 at 12, 18.) Plaintiff seeks $1 million in damages. (D.E. 7 at 9); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," but must dismiss a case that is frivolous, "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(a)(1), (e)(2)(B); and

**WHEREAS** pursuant to Rule 8(a), "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The complaint must apprise the defendant with "fair notice of what the claim is and the grounds upon which it rests," containing "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Factual allegations in a complaint are generally accepted as true, but legal conclusions are not. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); and

**WHEREAS** "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts "are obliged to notice jurisdictional issues and raise them on their own initiative." *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011)). "Although courts hold pleadings drafted by pro se litigants to less stringent standards than those drafted by lawyers, pro se litigants still bear 'the burden of showing that the case is properly before the court at all stages of the litigation.'" *Ingris v. Borough of Caldwell*, No. 14-6388, 2015 WL 758680, at *2 (D.N.J.

Feb. 23, 2015) (quoting *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 466 (D.N.J. 2012)); and

**WHEREAS** as an agency of the United States, the Social Security Administration ("SSA") is shielded from suit by the doctrine of sovereign immunity, absent consent. *Glenn v. Social Sec. Admin.*, 110 F. Supp. 3d 541, 542 (D.N.J. 2015); *see F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit.") "42 U.S.C. § 405(g) contains a limited waiver of the SSA's sovereign immunity, and specifically permits suits challenging final decisions of the SSA in connection with social security eligibility and benefits determinations." *Glenn*, 110 F. Supp. 3d at 543 (citing 42 U.S.C. § 405(g)); and

**WHEREAS** here, Plaintiff's Complaint does not identify—let alone properly challenge—a relevant decision of the Commissioner. The Complaint also fails to identify an adequate waiver of sovereignty that would vest this Court with jurisdiction. As a result, this Court finds the Commissioner is immune from this litigation. It follows that "because sovereign immunity operates as a jurisdictional bar, this action must be dismissed for lack of subject matter jurisdiction." *See Glenn*, 110 F. Supp. 3d at 543 (dismissing *pro se* plaintiffs' complaint for lack of subject matter jurisdiction upon concluding the plaintiffs did not challenge a final decision of the SSA); therefore

**IT IS**, on this 16th day of September 2026,

**ORDERED** that Plaintiff's Complaint is *sua sponte* **DISMISSED** for lack of subject matter jurisdiction.[2]

---

[2] Since this Court lacks subject matter jurisdiction, it need not address Plaintiff's IFP application. To the extent this Court was to address Plaintiff's IFP application, there are questions as to Plaintiff's eligibility given that his income exceeds his expenses.

**SO ORDERED.**

___/s/ Susan D. Wigenton_____
**SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc: Parties
Jessica S. Allen, U.S.M.J.